**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION**

IN RE:

**RONALD J. THOMPSON**                                                                              **CASE NO. 10-23017**

**DEBTOR**

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on the Chapter 13 Trustee's Motion to Convert or Dismiss [Doc. 69] and the Debtor's competing Motion to Voluntarily Dismiss [Doc. 89]. The Trustee seeks to convert the Debtor's chapter 13 bankruptcy case to chapter 7 whereas the Debtor asks to voluntarily dismiss pursuant to 11 U.S.C. § 1307(b). The Court held a hearing on these matters on January 13, 2015. For the reasons stated herein, the Trustee's Motion to Convert or Dismiss is denied and the Debtor's Motion to Voluntarily Dismiss is granted.

**FACTS**

The Debtor filed for chapter 13 relief on November 11, 2010. The Debtor's chapter 13 plan [Doc. 2] ("Plan") was confirmed on May 23, 2011 [Doc. 32]. The Plan includes a special provision that the Debtor "shall, within 36 months of confirmation, sell his residence, equity in which will be sufficient to pay the balance required for payment of 100% of claims." The Plan was modified on December 16, 2013 [Doc. 51] to extend the time period to 39 months.

The Debtor's residence is located at 110 Stanbery Ridge, Ft. Thomas, Kentucky ("Residence"). The Residence is encumbered by two mortgages ("Mortgages") held by the Creditor Citizens Bank of Northern Kentucky, Inc ("Citizens"). The Mortgages secure two promissory notes ("Notes") with an original principal balance of $1,020,000.00 and $150,000.00. The total balance due under the Notes is $416,053.32 as of September 9, 2014. *See* POC #8-1

1

and Citizens' Motion for Relief from Stay [Doc. 66]. The Debtor listed the Residence on Schedule A and estimated its value as $1,200,000.00. Citizens takes the position that its estimated value in today's real estate market is unknown, but it is undisputed that there is substantial equity in the Residence.

Pursuant to the terms of the Plan, the Debtor listed the Residence in November 2013 for $999,000.00. But the Debtor was unsuccessful in selling the Residence within 39 months. Shortly after the 39-month time period expired, Citizens filed a Motion for Relief from Stay [Doc. 66].[1] The Trustee objected [Doc. 68] and filed a Motion to Convert the case from chapter 13 to chapter 7 pursuant to § 1307(c) [Doc. 69].

The basis of the Trustee's objection is based on the possibility of significant non-exempt equity after Citizens' claim is paid. The Trustee argues that after payment of Citizens' claim, there remains enough non-exempt equity to pay the claims of the Internal Revenue Service and the Kentucky Department of Revenue, as well as other unsecured creditors, even after estimated sale costs. The Trustee concludes it is in the best interest of the estate if the Residence is sold at auction or through a private sale in an orderly liquidation by a chapter 7 trustee rather than through foreclosure.

The Trustee further argues that because the Debtor violated the special provision, the Plan is no longer feasible. At the time of confirmation, the Debtor's non-exempt equity in various assets required the Debtor to pay 100% of all allowed claims. *See* 11 U.S.C. § 1325(a)(4). The Trustee notes that if the Debtor timely makes the current monthly payments

---

[1] The Court held a hearing on the Motion for Relief from Stay [Doc. 66] on October 14, 2014 [Doc. 79]. One day prior to the hearing, the Debtor filed a Motion to Sell the Property [Doc. 76]. At the hearing on the Motion for Relief from Stay, Citizens' counsel informed the Court that it had no opposition to the Debtor's Motion. The Court therefore continued the Motion for Relief from Stay to December and instructed counsel that Citizens must re-notice the Motion for hearing. Citizens did not re-notice the Motion and it did not come before the Court again for hearing.

under his Plan, he will only pay 58% of the allowed secured claims. The Trustee also argues the Debtor's failure to sell by August 2014 is a material default under the Plan and prejudicial to creditors, warranting a conversion or dismissal. The Trustee has since clarified that she primarily seeks conversion. *See* Trustee's Objection to Debtor's Motion to Voluntarily Dismiss [Doc. 92].

The Debtor opposes conversion and moves to dismiss the case to enable him to coordinate a sale of the Residence to his son outside of bankruptcy.[2] The Debtor argues that despite the Trustee's request, he has an absolute right of dismissal under § 1307(b). It is the tension between the Trustee's request for conversion under § 1307(c) and the mandatory language of § 1307(b) that requires a resolution by this Court.

## JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. § 1408.

## DISCUSSION

Section 1307(b) states, "On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter." In comparison, § 1307(c) states, "Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for

---

[2] The Court granted the Debtor authority to sell the property to his son under § 363(b) [Doc. 83], but the Debtor's son had difficulty obtaining financing. The Debtor now seeks an opportunity to sell the property to another child without the necessity of motion practice in bankruptcy court. *See* Debtor's Motion to Dismiss [Doc. 89].

cause…"  The plain language of § 1307(b) makes this provision mandatory and there is no reason for the Court to interpret it otherwise.

The Bankruptcy Court of the Eastern District of Tennessee addressed a similar situation involving competing motions to dismiss and to convert, and concluded, in a well-reasoned opinion, that the statute requires a court to grant a debtor's request to dismiss regardless of a pending motion to convert.  *In re Patton*, 209 B.R. 98 (Bankr. E.D. Tenn. 1997).  The bankruptcy court began by examining the standard it must follow in construing a statutory provision:

> When construing the provisions of a statute, it is the duty of the judiciary to effectuate the will of Congress. *Negonsott v. Samuels*, 507 U.S. 99, 113 S. Ct. 1119, 1122, 122 L. Ed. 2d 457 (1993). This process begins with the language of the statute. *Bailey v. United States*, 516 U.S. 137, 133 L. Ed. 2d 472, 116 S. Ct. 501, 506 (1995) (citing *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 109 S. Ct. 1026, 1030, 103 L. Ed. 2d 290 (1989)); *United States v. Alvarez-Sanchez*, 511 U.S. 350, 114 S. Ct. 1599, 1603, 128 L. Ed. 2d 319 (1994) (citing *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 112 S. Ct. 1146, 1149, 117 L. Ed. 2d 391 (1992)). Courts must first "determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.*, 136 L. Ed. 2d 808, 117 S. Ct. 843, 846 (1997). In the absence of express legislative history to the contrary, further inquiry is prohibited "if the statutory language is unambiguous and 'the statutory scheme is coherent and consistent.'" *Id.* (quoting *Ron Pair Enters., Inc.*, 109 S. Ct. at 1030); accord *Reves v. Ernst & Young*, 507 U.S. 170, 113 S. Ct. 1163, 1169, 122 L. Ed. 2d 525 (1993); *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 112 S. Ct. 2589, 2594, 120 L. Ed. 2d 379 (1992); *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 100 S. Ct. 2051, 2056, 64 L. Ed. 2d 766 (1980). To determine whether the statutory language is plain and unambiguous, courts are to consider "the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson*, 117 S. Ct. at 846 (citing *Cowart*, 112 S. Ct. at 2594-95; *McCarthy v. Bronson*, 500 U.S. 136, 111 S. Ct. 1737, 1740, 114 L. Ed. 2d 194 (1991)).

*Id*. at 100.

The court determined subsection (b) is unambiguous and plainly establishes that the court "shall" dismiss the case at a debtor's request, absent a prior conversion. But the court took note of the inconsistency between § 1307(b) and § 1307(c) and concluded that it must consider Congress's intent as to which provision must control.

In exploring Congress's intent, the bankruptcy court first recognized the mandatory nature of § 1307(b) with its use of the word "shall." It pointed out the only limitation in subsection (b) is a prior conversion from chapter 7, 11, or 12, and reasoned that the conversion limitation "demonstrates that Congress was mindful of limitations on a debtor's right to dismiss and knew how to express such limitations that it deemed appropriate." *Id*. at 101. Yet Congress did not write into § 1307(b) any other limitation, which suggests Congress's intent was not to limit a debtor's right to dismiss by anything other than conversion. *Id.*

The court went further to say that even if the language of § 1307(b) was unclear, the legislative history supports an interpretation that the statute provides an absolute right to dismiss. The drafters of § 1307 wrote, "[s]ubsections (a) and (b) confirm, without qualification, the rights of a chapter 13 debtor …to have the chapter 13 case dismissed." *See* S. REP. NO. 95-989, at 141 (1978) reprinted in 1978 U.S.C.C.A.N. 5787, 5927. The drafters also stated "[s]ubsection (b) requires the court, on request of the debtor, to dismiss the case if the case has not already been converted from chapter 7 or 11." H.R. REP. NO. 95-595, at 428 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6383-84. The court concluded that these provisions supported the absolute right of dismissal. *Id.*

Finally, the bankruptcy court recognized that an absolute right of dismissal of a chapter 13 bankruptcy is consistent with the purpose of the statute and the voluntary nature of a chapter 13 bankruptcy. *Id.* at 101-102. It dismissed an argument that the statute should not be read as

5

absolute because of the potential of abuse, particularly where such a concern would require the court to "rewrite an unambiguous statute to prevent an unfavorable result." *Id.* at 103. The court noted that "[t]he dishonest debtor is amply punished through the dismissal of the case, which leaves the debtor vulnerable to the full extent of a creditor's rights under state law." *Id.* at 104. The Court finds the *Patton* analysis persuasive.

The Debtor observes that some courts have relied on *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007) to read into § 1307(b) a bad faith limitation despite the language to the contrary. *Marrama* interpreted § 706(a), a provision that grants a right of conversion to chapter 7 debtors using language similar to § 1307(b). However, the Trustee does not contend that the Debtor is acting in bad faith. Therefore, it is unnecessary to address the issue.

"The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *United States v. Ron Pair Enters.*, *Inc.,* 489 U.S. 235, 242 (1989) (citing *Griffin v. Oceanic Contractors, Inc*, 458 U.S. 564, 571 (1982)). The Trustee makes no argument to support a conclusion that the literal application of § 1307 will "produce a result demonstrably at odds" with Congress' intention. The Trustee focuses on "the best interest of the estate," but even if the Trustee is correct in concluding that a chapter 7 conversion is a "winning proposition for all involved parties," the Court has no discretion to disregard the plain meaning of § 1307(b).

## CONCLUSION

For the reasons stated herein, IT IS ORDERED the Trustee's Motion to Convert [Doc. 69] is DENIED and the Debtor's Motion to Voluntarily Dismiss [Doc. 89] is GRANTED.

It is further ORDERED Citizens' Motion for Relief from Stay [Doc. 66] is MOOT.

7

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Tracey N. Wise*
**Bankruptcy Judge**
Dated: Wednesday, January 28, 2015
(tnw)